UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re : MSR Resort Golf Course LLC, et al.,

        Debtors

------------------------------------------------------------ x

Continental Illinois Holding Corporation,

        Appellant,

        -against-

MSG Resort Golf Course LLC, et al.,

        Appellees

------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 14, 2012

11-BK-10372 (SHL)

12 Civ. 01747 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 9, 2012, appellant Continental Illinois Holding Corporation ("Continental Illinois"), appearing *pro se* through Matthew Lechner ("Lechner"), appealed an order entered on January 24, 2012, by the United States District Bankruptcy Court for the Southern District of New York. See Notice of Appeal, Mar. 9, 2012, Dkt. No. 1. In that order, Continental Illinois' objection to the sale of the Doral Golf Resort and Spa in Miami, Florida, by debtor-appellee MSR Resort Golf Course LLC ("MSR"), was denied for various reasons stated on the record by Judge Sean H. Lane, see Hr'g Tr. at 31-35, In re MSR Resort Golf Course LLC, No. 11-BK-10372 (S.D.N.Y. Bankr. Jan. 24, 2012), including, *inter alia*, that Mr. Lechner was not entitled to "represent a corporation *pro se*" because "'it is well established that a layman may not represent a corporation, even if the sole shareholder.'" Id. at 33-34 (quoting U.S. ex rel Mergetn Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008)). The debtor-appellee filed the instant brief, seeking to

dismiss Continental Illinois' appeal and to affirm Judge Lane's decision, on April 11, 2012. To date, Continental Illinois has failed to file its response.

On appeal, a bankruptcy court's conclusions of law are reviewed *de novo*. In re Wireless Data, Inc., 547 F.3d 484, 492 (2d Cir. 2008). It is unnecessary to address all of Judge Lane's conclusions of law because it is clear that "'corporations and partnerships, both of which are fictional persons, are unable to represent themselves and . . . the only proper representative of a corporation or partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.'" Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1309 (2d Cir. 1991) (quoting Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (D. Ala. 1975)); see also Farrell Family Ventures, LLC v. Sekas & Assocs., LLC, 863 F. Supp. 2d 324, 335 (S.D.N.Y. 2012) ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" (quoting Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993))).

Accordingly, Continental Illinois' appeal is dismissed. The Clerk of the Court is directed to enter judgment and to terminate this case.

Dated: New York, New York
December 13, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Continental Illinois Holding Corporation
c/o Matthew W. Lechner
6 The Mews p
Westport, CT 06880-4410